[Cite as *Am. Legion of Roseville, Ohio Post No. 71, Inc. v. Henning*, 2016-Ohio-5031.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| AMERICAN LEGION OF ROSEVILLE, | : | JUDGES: |
| OHIO POST NO. 71, INC., | : | Hon. Sheila G. Farmer, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| TOM KEVIN HENNING, et al., | : | Case No. CT2015-0042 |
| | : | |
| Defendants - Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Muskingum County
                            Court of Common Pleas, Case No.
                            CC2014-0011

JUDGMENT:                   Affirmed

DATE OF JUDGMENT:           July 18, 2016

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JAMES R. KRISCHAK                         GERALD J. TIBERIO
Gottlieb, Johnston, Beam & Dal Ponte      Tiberio Law Offices, LLC
320 Main Street, PO Box 190               37 S. 7th Street, Suite 250
Zanesville, Ohio 43702                    Zanesville, Ohio 43702

*Baldwin, J.*

{¶1} Appellants Tom and Madonna Henning appeal a judgment of the Muskingum County Common Pleas Court granting appellee American Legion of Roseville's request for a permanent injunction enjoining appellants from obstructing a sixteen foot alley on their property.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2} On June 26, 1967, appellee purchased 6.3 acres of land in the Village of Roseville. On the same day, appellee sold .31 acres of the original 6.3 acre tract to Donald and Virginia Moyer. The deed stated in pertinent part, **"Reserving unto the Grantor the right to use the sixteen (16) foot alley situated on the property.** There is further reserved by the Grantor the right to use a sanitary sewer now located under said alley."

{¶3} Donald Moyer operated a laundromat on his property. At the time he purchased the property, appellee had two to three trailers on the property, with trailer pads in place to expand the trailer court. Appellee further constructed an American Legion building on the property. Moyer's understanding was that appellee would not sell the property to him unless they had the right to cross the sixteen foot alley located on Moyer's parcel. Moyer allowed everyone to use the alley and treated it as a town alley.

{¶4} In 1992, Moyer sold the .31 acre lot to Michael and Marcia Hutchison. The deed included the language, ""**Reserving to a prior Grantor the right to use the sixteen (16) foot alley situated on the property.** There is further reserved by the prior Grantor the right to use a sanitary sewer now located under said alley."

{¶5}  The Hutchisons sold the property by auction on April 23, 2013.  Appellee participated in the auction, but appellants ultimately purchased the property for $34,650.00.  The auctioneer announced that there was a sixteen foot easement running through the property prior to sale.  The deed included the same language included in the Hutchisons' deed, reserving to a prior grantor the right to use the sixteen foot alley situated on the property.

{¶6}  After purchasing the property, Tom Henning became unhappy with the use of the alley by appellee and by the tenants of appellee's trailer park.  He sought to rent or sell the property to appellee before he cut off the alley entrance.  Appellee declined to purchase or rent the property.  Henning then erected a six foot chain link fence with three rows of barbed wire over the property, preventing use of the alley for ingress and egress.

{¶7}  Appellee filed the instant action on January 10, 2014.  The complaint included four counts:  Count One seeking to quiet title to the easement, Count Two for declaratory judgment, Count Three for trespass, and Count Four for a permanent injunction prohibiting appellants from blocking access across the sixteen foot alley. Appellants counterclaimed for monetary damages for trespass.  Following bench trial in the Muskingum County Common Pleas Court, the court granted appellee's claim for a permanent injunction, ordering appellants to remove the fence and restore the property to its original condition, and prohibiting them from obstructing the alley in the future.  The court dismissed the claims of both parties for monetary damages.

{¶8}  Appellants assign three errors:

{¶9}  "I.    THE TRIAL COURT'S JULY 29, 2015 AND AUGUST 7, 2015 JUDGMENT ENTRIES ARE AGAINST THE WEIGHT OF THE EVIDENCE AND THE

TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING THE PERMANENT INJUNCTION BECAUSE THE CHARACTER OF THE ALLEY HAS MATERIALLY CHANGED, THE LEGION UNREASONABLY EXPANDED THE USE OF THE ALLEY AND THE LEGION ABUSED ITS RIGHTS TO THE ALLEY.

{¶10} "II.   THE TRIAL COURT'S JULY 29, 2015 AND AUGUST 7, 2015 JUDGMENT ENTRIES ARE AGAINST THE WEIGHT OF THE EVIDENCE AND THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING THE PERMANENT INJUNCTION BECAUSE THE LEGION FAILED TO PRODUCE EVIDENCE OF THE GRANTOR'S INTENT.

{¶11} "III.   THE TRIAL COURT'S JULY 29, 2015 AND AUGUST 7, 2015 JUDGMENT ENTRIES ARE AGAINST THE WEIGHT OF THE EVIDENCE AND THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING THE PERMANENT INJUNCTION BECAUSE HENNING REASONABLY RELIED ON THE PUBLIC RECORDS TO HIS DETRIMENT."

{¶12} Appellants' assignments of error all claim that the trial court's judgment granting the permanent injunction was against the manifest weight of the evidence.

{¶13} A judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.,* 54 Ohio St. 2d 279, 376 N.E.2d 578 (1978). As the trier of fact, the judge is in the best position to view the witnesses and their demeanor in making a determination of the credibility of the testimony. "[A]n appellate court may not simply substitute its judgment for that of the trial court so long as there is some competent, credible evidence to support the lower court's

findings." *State ex rel. Celebrezze v. Environmental Enterprises, Inc.,* 53 Ohio St.3d 147, 154, 559 N.E.2d 1335 (1990).

{¶14} It is upon this standard of review that we address appellants' three assignments of error.

I.

{¶15} Appellant argues that the use of the alley is no longer necessary to appellee, the use of the alley has unreasonably expanded due to the development of the trailer park, and appellee has abused the use of the alley by using it as a parking lot.

{¶16} Appellant first argues that blocking the alley is merely "inconvenient" for appellee because vehicles can still can access the Legion building and the trailer park from a different alley.

{¶17} Robert Foster testified that 90% of the patrons of the Legion building used the alley for access, including delivery trucks. The fence caused problems for delivery vehicles because the other access alley to the Legion building has telephone poles which prevent or make it difficult for a large vehicle to make a turn. He further testified that a garbage company has not maintained customers in the trailer park because of the blocking of the alley with appellants' fence, and the people who rent the lots in the trailer park have complained about the difficulty of access since the alley has been blocked. Appellee further presented evidence that revenue had decreased at the Legion and they had received complaints concerning the difficulty of access to their building. The evidence thus established that the loss of the alley was more than a mere inconvenience.

{¶18} Appellant next argues that the development of the trailer park has unreasonably expanded the use of the easement.

{¶19} In *Myers v. McCoy,* 5th Dist. Delaware No. 2004CAE07059, 2005-Ohio-2171, ¶¶ 21-22, we set forth the law regarding expansion of the use of an easement:

It has long been the rule in Ohio that although the owner of the dominate estate may not increase the burden or materially enlarge his right over the serviant estate, changes in the use of the easement are permitted to the extent they result from normal growth and development of the dominate land, and are a proper and reasonable use of the easement, *Erie Railroad Company v. S.H. Kleinnman Realty Company* (1915), 92 Ohio St. 96, 110 N.E. 527. An easement holder may not increase the burden upon the serviant estate by engaging in a new and additional use of the easement, *Centel Cable Television Company of Ohio, Inc. v. Cook* (1991), 58 Ohio St.3d 8, 567 N.E.2d 1010. However, in the absence of specific language to the contrary, the easement holder may vary the mode of enjoyment and use of the easement if by doing so he can more freely exercise the purpose for which the grant was made, *Ohio Oil Gathering Corp. II. v. Shrimplin* (July 23, 1990), Coshocton App. No. 89-20, citations deleted. Generally, the court should presume the parties contemplated normal development would result in some changes in the mode of use of the easement, even if the parties had not anticipated the specific change which occurs.

Problems arise when, as here, the owner of a dominant estate does something which expands his use of the easement. If the court finds the use enlarges the rights unreasonably, the easement may be terminated, *Solt v.*

*Walker* (May 13, 1996), Fairfield App. No. 95-CA-64. The issue of whether the easement was abused or simply expanded from natural development and use of the property is an issue of fact, *Hiener v. Kelley* (July 23, 1999), 98-CA-7, *Solt,* supra.

{¶20} The evidence presented at trial demonstrates that at the time the easement was created in 1967, there were several trailers in the trailer park and more trailer pads in the area of the trailer court. Several witnesses testified to the fact that in the 1965-1966 school year, a drama teacher at their high school lived in a trailer in the trailer court, as they remembered going to visit him to get information about their class play and to see his Halloween costumes. Robert Foster testified that in 1967 there were around five trailers in the park, and now there are eleven. The trial court did not err in failing to find that the expansion from several trailers to eleven was an unreasonable expansion of the easement, as the expansion of the trailer park was normal development that would result in changes in the use of the easement.

{¶21} Finally, appellants argue that appellee abused the easement by turning it into a parking lot. Appellants cite our opinion in *Kuhn v. Ferrante,* 5th Dist. Stark No. 2001CA00115, 2002-Ohio-358 in support of their proposition that an easement granting the right of ingress and egress does not include the right to park on the easement, as parking is the antithesis of driving.

{¶22} The trial court's finding that appellee did not abuse the easement by using it for parking is not against the weight of the evidence. Although there was testimony that at times patrons of the Legion would park on appellants' property, there was no evidence that the Legion intended for the easement to be used for parking. Donald Moyer testified

that at times patrons of the Legion would park on his property, and he would ask them to move. Michael Hutchison similarly testified that patrons of the Legion would sometimes park on his property and he would have to ask them to move, and he also testified that generally the alley was still passable even when patrons of the Legion would use his parking lot. Further, appellant Thomas Henning testified that usually when he asked for a patron of the Legion to move a vehicle from his parking lot, the vehicle would be moved. The evidence does not demonstrate that appellee used the easement for parking rather than for ingress and egress.

{¶23} The first assignment of error is overruled.

II.

{¶24} In their second assignment of error, appellants argue that there was no evidence of the intent of the grantor to use the easement for ingress and egress.

An easement is a grant of only limited use of the land. *Crane Hollow, Inc. v. Marathon Ashland Pipeline, LLC,* 138 Ohio App.3d 57, 66, 740 N.E.2d 328 (2000), citations deleted. When interpreting the terms of a written easement, the court must follow the ordinary rules of contract construction so as to carry out the intent of the parties as demonstrated by the language in the contract. *Lakewood Homes v. BP Oil, Inc.* 11th District No. 5–98–29, 1999–Ohio–851 citing *Skivoloski v. East Ohio Gas Company,* 38 Ohio St.2d 244, 313 N.E.2d 374 (1974), syllabus, paragraph one. If the question is the scope of an easement, the court must look to the language of the easement to determine the extent. If there is no specific delineation of the easement, or if the document is ambiguous, then the court

must look to the surrounding circumstances in order to determine the intent of the parties. *Murray v. Lyon,* 95 Ohio App.3d 215, 219, 642 N.E.2d 41 (1994). The language of the easement, coupled with the surrounding circumstances, is the best indication of the extent and limitations of the easement. *Apel v. Katz,* 83 Ohio St.3d 11, 17, 1998–Ohio420, 697 N.E.2d 600.

{¶25} *Diemling v. Kimble*, 5th Dist. Tuscarawas No. 11AP120047, 2012-Ohio-3323, ¶¶ 7-8.

{¶26} The trial court specifically found:

It is clear from the testimony of the witnesses from the American Legion that the 16 foot alley has been used up until the time that the fence was constructed at the end of December of 2013, and that prior to that and the prior owners including Don Moyer understood clearly that the intent of the parties selling the property was to reserve to the American Legion the right to use the 16 foot alley and that but for that reservation the property never would have been sold to Don Moyer.

It is also clear in the language of the deed itself that there already existed a 16 foot alley on the property and that when you couple that with the surveyor Robert Pennick's plat then the combined effect of Don Moyer's testimony and the plat and the original 1967 deed makes it absolutely clear as to both the location of the alley and its purpose.

{¶27} Judgment entry, July 29, 2015.

{¶28} Don Moyer testified that when he purchased the property from appellee, he understood that appellee would not have sold him the property if they did not have the right to cross the alley. He testified on cross-examination that it was the intent of both parties to the 1967 deed to keep the alley open for use by the Legion and the laundromat. Moyer reiterated in response to questioning by the court that he had to keep the alley open, and that was his understanding of the deed.

{¶29} Although appellants appeared to maintain the position at trial that the intention of the parties could be interpreted to be strictly connected to the storm sewer, the use of the word "alley" in the deed would imply use of the sixteen foot strip for ingress and egress. Further, the reservation for the use of the storm sewer under the alley is stated separately from the reservation of the right to use the alley, further indicating the intention of the parties to reserve the right to appellee to use both the above-ground alley and the underground storm sewer.

{¶30} The trial court's finding that the intent of the grantor was that the alley be kept open to be used by appellee for ingress and egress is not against the manifest weight of the evidence.

{¶31} The second assignment of error is overruled.

III.

{¶32} In their third assignment of error, appellants argue that easement was extinguished by estoppel. They argue that there is not a metes and bounds description to the alley and that the plat was not recorded, and that they relied on the public records to their detriment.

{¶33} The easement in the instant case is an express easement, appearing in the deed as originally transferred from appellee to Moyer, and continuing in subsequent transfers including the deed as transferred to appellants. Express easements appear in the chain of title to property and therefore place a servient tenant on notice, at the point of obtaining an interest in the property, of the interest appertaining to the dominant estate. *Lone Star Steakhouse & Saloon of Ohio, Inc. v. Ryska*, 11th Dist. Lake No. 2003-L-192, 2005-Ohio-3398, ¶50. Consequently, estoppel does not extinguish an express easement. *Id.*

{¶34} Further, the evidence demonstrated that appellants did not reasonably rely on either the public records or other documents presented to them when they decided to construct the fence. Tom Henning admitted on cross-examination that he was aware from his deed that a sixteen foot wide alley crossed his party. The evidence also established that the auctioneer announced that the property was subject to the easement and Tom Henning admitted to hearing this announcement. Robert Foster testified that he asked the auctioneer at the auction whether the deed stipulated to the right-of-way, and the auctioneer confirmed that it did so stipulate. Foster testified that appellant Tom Henning was about fifteen feet away at the time this statement was made by the auctioneer. Henning admitted that two attorneys told him of the existence of the easement. Henning further admitted that while he was constructing the fence, he was shown the plat from 1967 which clearly showed the easement.

{¶35} The third assignment of error is overruled.

{¶36} The judgment of the Muskingum County Common Pleas Court is affirmed.

Costs are assessed to appellants.

By: Baldwin, J.

Farmer, P.J. and

Delaney, J. concur.